UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| KONSTANTYN BUGARENKO, | : | Bankruptcy No. 06-14834DWS |
| | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Motion to Strike Discharge and Reappoint Chapter 7 Trustee (the "Motion") filed by Thomas A. Biggins ("Biggins"). The motion primarily seeks to undo the discharge order entered in this case on March 20, 2007 so that Biggins may file a complaint objecting to the granting of a discharge to the Debtor.[1] Upon consideration of the Motion, as well as the objections thereto of the Debtor and the United States Trustee ("UST"), and for the reasons that follow, the Motion is denied.

---

[1] To the extent the Motion also asks the Court to appoint a new Chapter 7 Trustee, that request is moot given my decision to deny the request to strike the discharge.

**FACTUAL AND PROCEDURAL BACKGROUND**

Debtor filed this Chapter 7 case on October 19, 2006.[2] One of the unsecured debts listed on Debtor's Schedule F is a judgment against him in the Municipal Court of Philadelphia in the amount of $4,674. See Shevchenko v. Bugarenko, No. SC-03-08-26-2282, Phila. Mun. Ct. (Sept. 9, 2003).[3] Schedule F identifies this claim as belonging to Yuri Shevchenko, M.D., "c/o Thomas A. Biggins, Esq."[4] The Municipal Court docket indicates a default judgment entered in favor of Dr. Shevchenko, and an assignment of that judgment to Biggins.[5] Biggins, who has appeared in this Court *pro se*, asserts that he is in the business of buying claims on a contingency basis, *i.e* he pays nothing for the claim but shares with the assignor in any recovery he obtains.[6]

Biggins first came to the Court's attention in December 2006, when he filed a Motion to Extend Time for Filing Complaint Objecting to Dischargeability of a Debt (the "Extension

---

[2] I shall take judicial notice of the docket entries in this case. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D.Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995).

[3] Judicial notice of public filings in other courts is also appropriate under Federal Rule of Evidence 201(b)(2). See Oran v. Stafford, 226 F.3d 275, 289 (3d Cir.2000). The judgment is against Debtor and Bugarenko and Dynamo Heating & Cooling.

[4] Though Debtor identifies Biggins as "Esquire," Biggins represented to the Court that he is not in fact an attorney.

[5] The docket indicates that the claim was actually assigned to Robert A. Biggins, Inc. ("Biggins Inc.") on February 3, 2006. A subsequent assignment is indicated on the docket from Biggins Inc to Biggins personally. That assignment indicates that Biggins is President of Biggins Inc.

[6] This arrangement is not disclosed on the assignments filed with the Municipal Court, which simply indicate an assignment of the claim, with no consideration indicated.

Motion"). Biggins filed the Extension Motion pursuant to Fed. R. Bankr. P. 4007(c), which provides that a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c) must be filed no later than sixty days following the first date set for the meeting of creditors unless a timely extension is sought. Biggins also filed several discovery motions pursuant to Fed. R. Bankr. P. 2004, seeking documents from Debtor as well as documents and depositions of third parties (the "Discovery Motions").

On January 8, 2007, a hearing was held on both the Discovery Motions and the Extension Motion. At the hearing, I raised my concerns as to the broad scope of the discovery Biggins was seeking, particularly as to third parties. Rather than granting him relief, I continued the hearing and instructed him to focus on the purpose of his discovery requests. I granted the Extension Motion, providing Biggins "an extension of time to file a complaint objecting to the dischargeability of a debt until February 21, 2007." Doc. No. 32. I also wanted Biggins to consult with the Chapter 7 Trustee (the "Trustee"), given certain allegations Biggins made regarding the Debtor's conduct in this case. The Chapter 7 Trustee subsequently issued a Report of No Distribution on January 22.

The continued hearing on the Discovery Motions was held on February 20. Biggins explained at the hearing that he was seeking the discovery in order to determine whether to file a complaint under § 523 or § 727 of the Code. The Trustee reported that she was satisfied that her investigation had revealed no assets available for distribution to creditors. After a colloquy with Biggins, I granted the Discovery Motions in part, modifying the proposed order and narrowing the scope of his discovery. It was agreed that any further discovery disputes would be brought by a supplemental motion.

The focus of the parties at the February 20 hearing was the scope of Biggins' discovery requests. At no point did anyone raise the issue of what claim Biggins was pursuing – indeed, he had not yet decided – or whether the applicable time limits to a complaint had passed. It was only the Court that made the following observation:

> I'll also extend, although you haven't mentioned it, but I'm assuming I indicated to you that I would when we met the last time, I'll extend the time that you may have for filing an adversary proceeding, but this round of discovery is basically to enable you to decide whether you want to go forward on an adversary case.

Transcript of February 20, 2007 Hearing ("Feb. 20 Tr.") at 27. Notably, there was no motion to extend pending before me. Nor did Biggins bring to the Court's attention that the previously granted extension would expire the following day, February 21.

On March 20, an order was entered discharging the Debtor (the "Discharge Order"). Biggins filed further discovery motions, but did nothing to acknowledge the Debtor's discharge until the present Motion, filed on May 24, 2007. At the hearing on the Motion, Biggins asserted that he was now ready to proceed with a complaint against the Debtor. I ordered Biggins to brief the issue of whether the Discharge Order could in fact be stricken. Furthermore, I instructed Biggins to attach to his memorandum a copy of the complaint he wished to bring. Biggins initially failed to do so, but subsequently filed a proposed complaint (the "Proffered Complaint") that would seek to deny the Debtor a discharge for failing to preserve records as required by 11 U.S.C. § 727(a)(3) and/or for knowingly and fraudulently making a false oath or account as prohibited by § 727(a)(4)(A). (Doc. no. 89).

**DISCUSSION**

Biggins asks the Court to strike the Discharge Order on the theory that it was entered in error, contending that the Court has the inherent power to correct its own mistakes.[7] Biggins relies upon hearsay statements of unnamed employees of the Bankruptcy Clerk's office, none of which were admitted into evidence at the hearing, to support his theory that the Discharge Order was entered prematurely and contrary to the internal operating procedures of the Clerk's Office.

I agree with Biggins as to the Court's ability to correct its own mistakes. "It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." American Trucking Ass'ns v. Frisco Transp. Co., 358 U.S. 133, 145, 79 S.Ct. 170, 177 (1958). However, I disagree that the Discharge Order was entered as a result of any clerical error, inadvertence, or mistake. Biggins' reliance upon procedures of the Clerk's Office is misplaced. The proper time for entering a discharge order is not determined by the Clerk of the Court, but rather is governed by Federal Rule of Bankruptcy Procedure 4004, which states in relevant part:

(c) Grant of discharge

(1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless:

---

[7] The majority of Biggins' memorandum is devoted to a discussion of the Court's discretion to reopen a case. Debtor correctly notes that this is not an issue. While the Court did enter a contemporaneous order with the Discharge Order, accepting the Trustee's report and ordering the case to be closed, the case has not yet been closed.

-5-

>> (B) a complaint objecting to the discharge has been filed,
>> . . .
>>
>> (E) a motion to extend the time for filing a complaint objecting
>> to the discharge is pending, . . .

Fed. R. Bankr. P. 4004(c).[8]  Because the docket indicated no pending complaint objecting to discharge or any motion to extend the time to file such a complaint, the Clerk's Office correctly issued the Discharge Order.  While Biggins asserts that this was done prematurely with respect to the Clerk's internal operating procedures, he failed to presented any evidence of this at the hearing.  Moreover, the only relevant inquiry is whether the Discharge Order was entered in compliance with Rule 4004(c).  It was.

Biggins also relying upon my above-quoted comment at the February 20 hearing, that I would extend the time for him to file a complaint, contends my statement constitutes a ruling on an oral motion.  I have reviewed the transcript of the February 20 hearing, and there is nothing that can be construed as an oral motion by Biggins.  That is why I prefaced my statement regarding an extension with the observation "although you haven't mentioned it." Feb. 20 Tr. at 27.  Implicit in my statement was the indisputable reality that Biggins needed to bring an appropriate motion.  Indeed, the applicable rule states that the Court may extend the time to bring a complaint objecting to a debtor's discharge only:  "[o]n motion of any party in interest, after hearing on notice" and that such motion "shall be filed before the time has expired." Fed. R. Bankr. P. 4004(b).  Biggins made no properly noticed motion for the Court to act upon.

---

[8] There are other exceptions in Rule 4004(c) that are not relevant here.

Biggins also invokes the equitable powers granted to the Court under § 105 of the Code, which states:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Id. However, it is axiomatic that "'any grant of authority given to the bankruptcy courts under § 105 must be exercised within the confines of the bankruptcy code.'" In re Hamer, 2000 WL 1230496, *6 (E.D. Pa. August 18, 2000)(*quoting* Gouveia v. Tazbir, 37 F.3d 295, 300 (7th Cir.1994)). While § 727(d) provides for the revocation of a discharge order on very limited grounds,[9] Biggins made clear at the hearing on the Motion that he does not wish to file a complaint under this provision.[10] Instead he asks the Court to otherwise undo the

---

[9] Section 727(d) requires the Court, upon request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, to revoke a discharge granted under § 727(a) if:

(1) the discharge was obtained through the fraud of the debtor, and the requesting party didn't know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section; or

(4) the debtor made misstatements or otherwise failed to cooperate with an audit conducted pursuant to 28 U.S.C. § 586(f).

[10] The Proffered Complaint does allege that Debtor "fraudulently" indicated on his petition that the nature of his debts were primarily consumer when in fact there were also business debts. However, it asserts this as a basis for denying the granting of a discharge under
(continued...)

properly entered Discharge Order under § 105 so that he may have a second chance to correct his failure to file a timely § 727(a) complaint. This I simply cannot do. Section 105(a) by its terms indicates it is a power to "carry out the provisions of this title," not to override those provisions. Biggin's "broad interpretation of § 105(a) would make the list of grounds for revoking a discharge found in § 727(d) meaningless; anything not in the list could come in through the back door of § 105(a)." Disch v. Rasmussen, 417 F.3d 769, 778 (7th Cir. 2005).[11]

Finally, even if I had the equitable authority to grant Biggins' request, I would decline to exercise it because the facts before me demonstrate that granting the requested relief would serve no purpose. The Motion is premised upon Biggins' misunderstanding that striking the Discharge Order would provide him with the opportunity to file his Proffered Complaint, which is based upon §727(a). The original Extension Motion that Biggins filed in December sought only an extension of time to object to the dischargeability of a debt pursuant to § 523 and Rule 4007(c), i.e the dischargeability of the debt assigned to him. Nothing in that motion sought an extension of time to pursue a complaint objecting to the granting of a discharge under § 727. That right therefore expired on January 20, a full month before the February 20 hearing. Fed. R. Bankr. P. 4004(a). Biggins failed to seek an

---

[10](...continued)
§ 727(a)(4)(a) and not for revoking a discharge for fraud under § 727(d)(1).

[11] The Disch court also found that Federal Rule of Civil Procedure 60(b), incorporated into bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, could provide a basis for revoking the discharge. While Biggins has not raised this rule, I note that the Third Circuit Court of Appeals has rejected the use of a procedureal rule like Rule 60(b) to abridge, enlarge, or modify substantive rights provided under the Bankruptcy Code. In re Fesq, 153 F.3d 113, 116-17 (3d Cir. 1998). On this issue, Fesq is binding on this Court.

extension before that expiration as required and the Court is not authorized to extend that time beyond those limitations. Fed. R. Bankr. P. 4004(b), 9006(b)(3).[12]  See also In re MacKay, 324 B.R. 566, 569 (Bankr. M.D. Pa.,2005)(Absent timely request for extension of time to file complaint objecting to debtor's discharge, bankruptcy court has neither discretion nor authority to enlarge time to file such a complaint); In re DiLoreto, 277 B.R. 607, 610 (Bankr. E.D. Pa.,2000) (Rule 4004(a)'s deadline to object to a debtor's discharge, as with other bankruptcy deadlines, is strictly enforced).[13]

Debtor is represented by competent bankruptcy counsel who understands the distinction between §§ 523 and 727 and their corresponding rules. See Debtors' Memorandum of Law in Opposition to Motion to Strike Discharge at 2-3(Arguing that Biggins has failed to extend time under both Rules 4004(b) and 4007(c)). Even if I could undo the Discharge Order as a clerical error or under the guise of equitable authority, Biggins' Proffered Complaint would be met with a dismissal motion for untimeliness which I would have to grant. In short, filing the Proffered Complaint would be an exercise in futility.

The result here may seen harsh, but the procedures and deadlines established by the Bankruptcy Code and Rules are carefully crafted to create a delicate balance between the

---

[12] Rule 9006(b)(3) expressly limits the discretion of a court to enlarge the time for filing an action under Rule 4004(a) "to the extent and under the conditions stated" in that rule.

[13] In this respect, my statement at the February 20 hearing does not help Biggins overcome his failing. While I might have been able to consider a further extension of his prior Extension Motion that was based upon §523 and Rule 4007(c), I lacked authority to grant Biggins an extension to file the Proffered Complaint, which is based upon § 727.

competing interests of creditors pursuing their claims and debtors in obtaining a fresh start and finality. While Biggins has been diligent in pursuing his claims, he has done so in a legal arena that he is unfamiliar with and without the assistance of counsel. However, the choice to appear *pro se* was his. It is not the duty of the Court to educate him. On the contrary:

> [T]he usual legal rule is that parties in interest in any case must know the law and foresee its consequences or suffer them. In bankruptcy, not even a pro se creditor would be excused from compliance with a rule or statute despite his truthful explanation, "I just didn't think about it."

In re Brown, 178 B.R. 722, 726 (Bankr. E.D. Tenn. 1995). In this case, his misunderstanding of the Code provisions and Bankruptcy Rules has cost him the opportunity to object to the entering of Debtor's discharge.

**CONCLUSION**

For the foregoing reasons, the Motion is denied. An order consistent with this Memorandum Opinion shall be entered.[14]

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

---

[14] Given the contingency basis upon which Biggins is pursuing the Shevchenko judgment, there is a pending motion by the UST to conduct a Rule 2004 examination of Biggins to examine his standing to pursue a claim. That motion is currently scheduled on August 6, 2007, along with a supplemental discovery motion pressed by Biggins. The UST indicated that a ruling against Biggins on this Motion would render her motion moot, but I will wait until August 6 for confirmation of this position.

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| KONSTANTYN BUGARENKO, | : | Bankruptcy No. 06-14834DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW** this 2nd day of August 2007, upon consideration of the Motion to Strike Discharge and Reappoint Chapter 7 Trustee (the "Motion") filed by Thomas A. Biggins ("Biggins") and the objection thereto of the Debtor and the United States Trustee, and after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby ordered that the Motion is **DENIED**.

*Diane W. Sigmund*

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge